# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00180-CV

### In the Interest of I.R.C. and J.L.C., Children

On appeal from the
272nd District Court of Brazos County, Texas
Judge Andrea L. James, presiding
Trial Court Cause No. 24-001234-CV-272

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The trial court terminated Father's parental rights to I.R.C. and J.L.C. pursuant to Subsections 161.001(b)(1)(D) and 161.001(b)(1)(E) of the Family Code, and found that termination was in the best interest of each child. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(2).[1] Father's attorney has now filed an *Anders* brief asserting that he diligently reviewed the record and that he believes the appeal to be frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.). Father did not file a *pro se* response to counsel's *Anders* brief.

---

[1] The trial court also terminated Mother's parental rights to the children. Mother did not appeal.

Counsel's brief details the relevant facts of the case and its procedural history, and presents a professional evaluation demonstrating why, under controlling authority, there is no reversible error in the trial court's termination order. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel also served Father with a copy of the *Anders* brief, informed Father of his right to review the appellate record and file a *pro se* response, provided Father with a form motion for *pro se* access to the appellate record, and notified Father of his right to request counsel to file a petition for review on his behalf with the Texas Supreme Court. *See Anders*, 386 U.S. at 744; *In re A.S.*, 653 S.W.3d at 299-300. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-08 (Tex. Crim. App. 2008).

As the reviewing appellate court, it is our duty upon receiving an *Anders* brief to independently examine the record to determine whether the appeal is frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's brief, and we have determined that the appeal is frivolous. Accordingly, we affirm the judgment of the trial court.

Counsel's motion to withdraw as Father's counsel is premature and is denied. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, if Father desires to file a petition for review, his appellate counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See id.*

## Conclusion

Having found that Father's appeal is frivolous, we affirm the judgment of the trial court. We deny Father's counsel's motion to withdraw.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: September 18, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed; Motion denied
CV06

